**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 10-5215**

───────────

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

JESUS ARTURO MARTINEZ-CHAVEZ,

Defendant – Appellant.

───────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. Louise W. Flanagan, Chief District Judge. (7:10-cr-00029-FL-1)

───────────

Submitted: August 15, 2011          Decided: August 17, 2011

───────────

Before GREGORY, SHEDD, and WYNN, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

R. Clarke Speaks, THE SPEAKS LAW FIRM PC, Wilmington, North Carolina, for Appellant. George E. B. Holding, United States Attorney, Jennifer P. May-Parker, Eric Evenson, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a plea agreement, Jesus Arturo Martinez-Chavez pleaded guilty to possession of a counterfeit United States Resident Alien card, in violation of 18 U.S.C. § 1546(a) (2006). In his presentence report ("PSR"), Martinez-Chavez had a U.S. Sentencing Guidelines Manual ("USSG") (2009) range of zero to six months. The PSR also noted that the court might wish to consider an upward departure, in light of evidence establishing Martinez-Chavez's involvement in a drug conspiracy. The court imposed a variance sentence of eighteen months' imprisonment and Martinez-Chavez timely appealed, challenging the reasonableness of his sentence. Finding no error, we affirm.

This court reviews a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). In evaluating reasonableness, we must first determine whether the district court committed any significant procedural errors in sentencing Martinez-Chavez. Id.; see United States v. Wilkinson, 590 F.3d 259, 269 (4th Cir. 2010). This assessment includes determining whether the district court properly calculated Martinez-Chavez's advisory Guidelines range, whether it considered the factors enumerated in 18 U.S.C. § 3553(a) (2006) and any arguments presented by the parties, whether it based the sentence on an "individualized

2

assessment," and whether it sufficiently explained the sentence. Gall, 552 U.S. at 50-51; United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009). Because Martinez-Chavez requested a sentence within the Guidelines range, or, in the alternative, a sentence of no more than ten months, his claim of error was properly preserved.

If we find no significant procedural error, we next assesses the substantive reasonableness of the sentence. Wilkinson, 590 F.3d at 269. When reviewing substantive reasonableness, we "may consider the extent of the deviation [from the recommended Guidelines range], but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." Gall, 552 U.S. at 51.

We have reviewed the record and conclude that the district court properly calculated the advisory Guidelines range of zero to six months. Further, the district court rendered an individualized assessment in this case, adequately explained the upward variance, and issued a procedurally and substantively reasonable sentence.

Accordingly, we affirm Martinez-Chavez's conviction and sentence. We deny as moot his motions to expedite. We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED